JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
ANGELA CHUANG, Bar No. 313445
SAMANTHA JAFFE, Bar No. 324731
Assistant Federal Public Defenders
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Angela_Chuang@fd.org

Counsel for Defendant Ranney

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CALEB RANNEY,<br>Defendant. | Case No. CR 25–416 TSH<br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF PROPOSED JURY INSTRUCTIONS** |

Defendant Caleb Ranney, by and through counsel, hereby elaborates on the parties' joint filing of proposed jury instructions to provide specific authority and justification for his position on the few instructions that are disputed.

//

//

//

//

//

## I. Disputed Jury Instruction No. 6.5: Reasonable Doubt – Defined

### A. Government Proposal

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

### B. Defense Proposal

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

If you view the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—you must adopt the conclusion of innocence.

#### 1. Justification of defense proposal

The defense requests the addition of one sentence that is a correct statement of the law and that defines the burden of proof in a way that is easier to understand. It speaks directly to a situation in

which jurors may find themselves, namely one in which they see the evidence as reasonably supportive of either the conclusion of guilt or innocence, and properly instructs them that their duty would be to adopt the conclusion of innocence under those circumstances. This language is modeled on the California Criminal Jury Instructions, specifically the introductory, post-trial instructions. *See* CALCRIM No. 224 (Circumstantial Evidence: Sufficiency of Evidence). The Ninth Circuit pattern instructions lack this language, and thus the defense has proposed it here.

## II. Disputed Jury Instruction No. 8.1: Assault on Federal Officer or Employee

### A. Government Proposal

The defendant is charged in Count One of the Information with assault on a federal officer in violation of Section 111(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Joe Love; and

Second, the defendant did so while Joe Love was engaged in, or on account of, his official duties.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A federal officer or employee includes any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services).

A reasonable apprehension of immediate bodily harm is determined with reference to a reasonable person aware of the circumstances known to the victim, not with reference to all circumstances, including circumstances unknown to the victim.

There is no requirement for the government to prove that the defendant was aware that the victim is a federal officer.

An officer or employee is engaged in his official duties when he is acting within the scope of his employment, that is, the officer's actions fall within his agency's overall mission, in contrast to

engaging in a personal frolic of his own.

### B. Defense Proposal

The defendant is charged in Count One of the Information with assault on a federal officer or employee in violation of Section 111(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted a federal officer or employee, namely Joe Love; and

Second, the defendant did so while Joe Love was engaged in, or on account of, his official duties.

[IF SELF-DEFENSE INSTRUCTION GIVEN:

Third, the defendant did not act in reasonable self-defense.]

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A federal officer or employee includes any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services).

[ONLY IF NO SELF-DEFENSE INSTRUCTION BASED ON THEORY OF NO KNOWLEDGE OF FEDERAL OFFICER OR EMPLOYEE: There is no requirement for the government to prove that the defendant was aware that the victim is a federal officer.]

An officer or employee is engaged in his official duties when he is acting within the scope of his employment, that is, the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own. It is not considered a performance of official duties if: (1) under the surrounding circumstances, an officer uses an amount or type of force that is more than reasonably necessary (i.e., excessive force) to effectuate a seizure, arrest, detention, or other lawful action; or (2) the officer was acting with the intent to retaliate against an individual's protected speech, to punish, or to cause harm.

**1. Justification of defense proposal**

The parties have already briefed the issue of a potential self-defense jury instruction in their motions in limine, and the Court has deferred ruling on whether to give such an instruction until the close of evidence. *See* Dkt. No. 74 (Order Re: Motions in Limine) at 10. In the event that the Court rules that a self-defense jury instruction is warranted, the defense's proposed instruction adds an element of disproving reasonable self-defense as directed by the comment to Ninth Circuit Model Instruction No. 5.10 (Self-Defense). The bracketed language is included to make clear that if a self-defense instruction is given based on a theory that Mr. Ranney was not aware the alleged victim was a federal officer, then this language would not apply and the government in fact would have to prove such awareness, consistent with the authorities cited and discussed in Dkt. No. 41, Def. Resp. to MIL #7 at 10–11 (citing *United States v. Span*, 970 F.2d 573 (9th Cir. 1992) (*"Span I"*)).

The parties are, otherwise, mostly in agreement regarding other adjustments to the pattern instruction with two exceptions. First, as to the government's proposed definition of "reasonable apprehension of immediate bodily harm," the defense believes it is unnecessary and adds nothing but confusion. Second, the defense's proposed final sentence, which is the other area of dispute, further defines the limits of "official duties" and is taken from an instruction given in a recent case in the Central District of California. *See United States v. Lopez*, No. 2:25-CR-00705-MEMF, Dkt. No. 148 (Jury Instructions) at 15. This sentence is necessary because no other instruction makes clear that the use of excessive force and/or government agents acting with intent to retaliate against protected speech is considered unlawful and outside the bounds of performance of official duties. It is also a correct statement of the law. An officer is only considered to be performing official duties if they do so in good faith, which necessarily excludes the use of excessive force and unlawful retaliation. *See Span I*, 970 F.2d at 580–81 (affirming instruction defining "official duties" as an officer acting "in good faith and colorable performance of [his] duty[,]" explaining that "[a]n officer who uses excessive force is not acting in good faith[,]" and reiterating that "an individual has a limited right to offer reasonable resistance to an arrest that is the product of an officer's personal frolic . . . [which] is not triggered by the absence of probable cause, but rather by the officer's bad faith or provocative conduct") (citing *United States v. Moore*, 483 F.2d 1361, 1364–65 (9th Cir. 1973)); *see also*

*Sanderlin v. Dwyer*, 116 F.4th 905, 910–11 (9th Cir. 2024) (finding the officer's conduct should be considered by the jury both as unlawful retaliation and as excessive force, and stating that "[i]t is clearly established that police officers may not use their authority to retaliate against individuals for protected speech"); *Gasho v. United States*, 39 F.3d 1420, 1428 n.7 (9th Cir. 1994) (explaining that if officers "acted in bad faith [then] any physical interference to that seizure would be immune," and "the existence of bad faith would be a jury question").

## III. Disputed Jury Instruction No. 4.1: Aiding and Abetting

### A. Government Proposal

A defendant may be found guilty of Destruction of Government Property, in violation of 18 U.S.C. § 1361, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Destruction of Government Property by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed Destruction of Government Property;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Destruction of Government Property;

Third, the defendant acted with the intent to facilitate Destruction of Government Property; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Destruction of Government Property.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime [and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime].

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**B. Defense Proposal**

No instruction

**1. Justification of defense proposal**

Mr. Ranney is charged in Count Two of this matter with damaging government property in the form of a sallyport door by kicking and shoving it himself, as the government itself describes. *See* Dkt. No. 37, Govt MIL at 1 ("At trial, the United States will introduce evidence from law enforcement officers, other government personnel, and government contractor(s), as well as photos and surveillance video, proving that shortly after 3:00 p.m. on August 8, 2025, Ranney repeatedly shoved and kicked a garage door at the Appraisers Building, causing the door to come off its guiding track and necessitating repair."). He is charged as a principal, not as an aider and abettor, and the government's theory is that he himself caused the damage. Though it is true that aiding and abetting is implied as a potential theory of liability in all federal charging documents*, see United States v. Vaandering*, 50 F.3d 696, 702 (9th Cir. 1995), an aiding and abetting instruction is not actually given in every case. And it does not necessarily follow that such an instruction should be given in any particular case, especially when the facts may not support it. As applicable here, the government has indicated that its theory of liability is that Mr. Ranney is guilty as a principal; accordingly, an aiding and abetting instruction does not encompass the theory of liability and should not be given.

**IV. Disputed Jury Instruction No. 5.10: Self-Defense**

**A. Government Proposal**

No instruction

**B. Defense Proposal**

The defendant has offered evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances.

~~Force likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.~~

The government must prove beyond a reasonable doubt, with all of you agreeing, that the defendant did not act in reasonable self-defense.

[IF THEORY OF NO KNOWLEDGE OF FEDERAL OFFICER:

It is a defense to the charge if (1) the defendant did not know that Joe Love was a federal officer or employee, (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (3) the defendant used no more force than appeared reasonably necessary in the circumstances.

In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt either (1) that the defendant knew that Joe Love was a federal officer or employee or (2) that the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force or (3) that the defendant used more force than appeared reasonably necessary in the circumstances.]

[IF THEORY OF EXCESSIVE FORCE:

Even if the defendant knew that Joe Love was a federal officer or employee, it is a defense to the charge if (1) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful (i.e., excessive) force, and (2) the defendant used no more force than appeared reasonably necessary in the circumstances.

In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt that (1) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful (i.e., excessive) force, and (2) the defendant used no more force than appeared reasonably necessary in the circumstances.]

**1. Justification of defense proposal**

The parties have already briefed the issue of a potential self-defense jury instruction in their motions in limine, and the Court has deferred ruling on whether to give such an instruction until the close of evidence. *See* Dkt. No. 74 (Order Re: Motions in Limine) at 10. In the event that the Court rules that a self-defense instruction is warranted, the defense's proposed instruction is consistent with Ninth Circuit Model Instruction 5.10 (Self-Defense), with a proposed removal of a sentence about "force likely to cause death or great bodily harm," since that does not apply in this case. It then lays

out two alternative instructions for each theory of self-defense. The first alternative—based on a theory of the defendant not being aware that the alleged victim was a federal officer—is drawn from Ninth Circuit Model Instruction 8.3. The second alternative—based on a theory of excessive force—is a modified version of Ninth Circuit Model Instruction 8.3 that is adjusted to reflect that theory, including to specify that "excessive force" is "unlawful force."

**V. Disputed Jury Instruction Re: First Amendment**

**A. Government Proposal**

No instruction

**B. Defense Proposal**

The First Amendment to the United States Constitution guarantees the right to free speech, which encompasses the right to protest.[1] To the extent that Mr. Ranney's actions are protected by the First Amendment, you cannot convict Mr. Ranney on the basis of such protected actions.[2]

I instruct you that the First Amendment protects speech, and the right to protest, even if that speech constitutes vehement, scathing, and offensive criticism of public officials, including law enforcement officers, and even if that protest includes such criticisms.[3] Such speech and such protest are protected even if that speech or protest behavior is insulting, offensive, disagreeable, opprobrious, obscene, upsetting, arouses contempt, or outrageous.[4] The First Amendment also protects the right to

---

[1] U.S. CONST. Amend. I; *De Jong v. State of Oregon*, 299 U.S. 353, 364 (1937) ("The right of peaceable assembly is a right cognate to those of free speech and free press and is equally fundamental.")

[2] *See* Jury Instr. at 13, *United States v. Rhodes*, No. 1:22-CR-00015, 2022 WL 17340460 (D.D.C. Nov. 18, 2022) ("You may not find that a defendant committed a crime . . . simply because you find that a defendant, or other individuals, engaged in speech you find to be offensive."); Jury Instr. at 20, *United States v. Bundy*, No. 3:16-cr-00051-BR, 2016 WL 9819346 (D.Or. Oct. 28, 2016) ("Defendants' political beliefs are not on trial. Defendants cannot be convicted based on unpopular beliefs.")

[3] *Snyder v. Phelps*, 562 U.S. 443, 458 (2011) ("[Westboro Church protestors'] speech cannot be restricted simply because it is upsetting or arouses contempt. 'If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable.' *Texas v. Johnson,* 491 U.S. 397, 414, (1989)"); *Velasquez v. City of Long Beach*, 793 F.3d 1010, 1020 (9th Cir. 2015) ("While police . . . may resent having obscene words and gestures directed at them . . . they may not exercise the awesome power at their disposal to punish individuals for conduct that is not merely lawful, but protected by the First Amendment.")

[4] *Cf. Lewis v. City of New Orleans*, 415 U.S. 130, 132 (1974) (striking down statute making it "unlawful to curse or revile or to use obscene or opprobrious language toward or with reference to a police officer while in performance of his duties.")

remain anonymous while engaged in protected activities.[5]

Mr. Ranney's First Amendment rights to speak his mind and to protest, standing alone, cannot constitute assault for purposes of applying my other instructions.[6]

**1. Justification for defense proposal**

For the Court's ease of reference, the defense has added footnotes *supra* to indicate the authority that supports each part of its proposed First Amendment instruction. The government has indicated in its filings that it will present evidence at trial that Mr. Ranney and other protesters "shouted invective[s]" at government agents. Dkt. No. 37, Govt MIL at 1; *see also* Dkt. No. 46, Govt MTS Opp. at 1–2 ("As the rolling sallyport garage door began to close, Ranney stood just outside, giving officers the middle finger with both hands . . . . As the door was rolling downward, Ranney screamed that the officers would "rot in hell" and were "motherf***ers," and accusatorily pointed his finger at them."). The government will also introduce evidence that Mr. Ranney was wearing a mask while protesting, and presumably will argue that a negative inference should be drawn from that. *See* Dkt. No. 37, Govt. MIL #8 at 12 (stating that the government will introduce evidence that Mr. Ranney was wearing a black mask and arguing that such mask is relevant to his identity and mental state). The defense anticipates that the government will highlight these details at trial. The defense is, accordingly, concerned that without being properly instructed on the First Amendment, the jury will be misled into improperly convicting Mr. Ranney based on his protected speech and conduct. Shouting invectives and insults at law enforcement is clearly protected by the First Amendment, as established by the authority that Mr. Ranney cites in the annotations to his proposed jury instruction. So is the right to remain anonymous while engaging in activities protected by the First Amendment.

---

[5] *Watchtower Bible v. Village of Stratton*, 536 U.S. 150, 160, 166 (2002) (holding that Jehovah's witnesses have a "right to anonymous pamphleteering" and "discourse," even if they "reveal their allegiance to a group of cause when they present themselves at the front door to advocate an issue or deliver a handbill."); *Berger v. City of Seattle*, 569 F.3d 1029, 1044 (9th Cir. 2009) ("[T]he requirement that potential speakers identify themselves to the government, and the concomitant loss of anonymity, is one of the primary *evils* the Supreme Court cited when it struck down the permitting requirement in *Watchtower Bible*. *See* 536 U.S. at 166–167.")

[6] *See City of Houston v. Hill*, 482 U.S. 451, 462–63 (1987) (holding that statute prohibiting verbally opposing, molesting, abusing, or interrupting policemen was unconstitutional because "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state")

The defense's proposed instruction is necessary to make clear to the jury that such actions are constitutionally protected, and thus cannot serve as the basis for conviction.

Dated: July 13, 2026

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

_______/s/________________
ANGELA CHUANG
SAMANTHA JAFFE
Assistant Federal Public Defenders