United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CALEB ALEXANDER RANNEY,<br>Defendant. | Case No. 25-cr-00416-TSH-1<br><br>**COURT'S AMENDED PROPOSED FINAL JURY INSTRUCTIONS** |

On July 1, 2026, the parties submitted joint proposed jury instructions. ECF No. 44. On July 13, 2026, the parties submitted separate statements addressing disputed final jury instructions. ECF Nos. 77 ("Def.'s Br."), 78 ("Gov't's Br."). On July 24, 2026, the Court issued its proposed final jury instructions. ECF No. 98. Below are the Court's amended proposed final jury instructions that supersede the proposed instructions at ECF No. 98. The parties shall be prepared to discuss any objections, comments, or suggestions concerning the instructions at the charging conference.

The Court will include Stipulated Jury Instruction No. 2.3 (Stipulations of Fact) as agreed to by the parties in ECF No. 76 (Joint Proposed Jury Instruction Regarding Stipulations of Fact) and as revised by the parties in ECF No. 167 (Joint Proposed Revised Jury Instruction Regarding Stipulations of Fact).

As discussed at the pretrial conference, the Court will include Stipulated Jury Instruction No. 3.8 (Impeachment Evidence—Witness) in the final jury instructions if the referenced evidence is admitted during trial. The Court will include Stipulated Jury Instruction No. 3.16 (Charts and

Summaries Not Admitted Into Evidence) if the referenced material is not admitted into evidence during trial.

The Court will use either Ninth Circuit Model Criminal Jury Instruction[1] No. 6.3 (Defendant's Decision Not to Testify) or No. 6.4 (Defendant's Decision to Testify) depending on whether Ranney testifies at trial.[2]

The Court will use the Government's version of Disputed Jury Instruction No. 6.5 as it tracks Model Instruction No. 6.5 (Reasonable Doubt—Defined). Gov't's Br. at 2. Ranney argues that the Court should include a sentence instructing the jury regarding evidence that reasonably supports "either the conclusion of guilt or innocence." Def.'s Br. at 1–2. But the California jury instruction Ranney points to concerns circumstantial evidence; it is not an instruction on reasonable doubt. *Id.*; *compare* CalCrim No. 224 (Circumstantial Evidence: Sufficiency of Evidence) *with* CalCrim No. 220 (Reasonable Doubt). The Court agrees with the Government that it is appropriate to use the Model Instruction as the "Ninth Circuit has repeatedly upheld this instruction." Gov't's Br. at 2 (quoting Cmt., Model Instruction 6.5).

For Disputed Jury Instruction No. 8.1 (Assault on Federal Officer or Employee), the Court will use Model Instruction 8.1 with the following modifications. First, the Court will use the Government's version of the first element because it tracks the Model Instruction. Gov't's Br. at 3; *see* Model Instruction No. 8.1 ("First, the defendant forcibly assaulted [*name of federal officer or employee*] . . ."). Ranney includes "a federal officer or employee, namely" in the first element but does not explain why this addition is necessary. Def.'s Br. at 3–5. Second, if a self-defense instruction is given, the Court will include the following sentence, as requested by Ranney: "Third, the defendant did not act in reasonable self-defense." *Id.* at 3–4; *see* Cmt., Model Instruction 5.10 (Self-Defense) ("When there is evidence of self-defense, an additional element should be added to the instruction on the substantive offense."). Third, the Court will include the

[1] The Ninth Circuit's Model Criminal Jury Instructions ("Model Instructions") are available at: https://www3.ce9.uscourts.gov/jury-instructions/model-criminal (last updated Aug. 2026).

[2] In their joint proposed jury instructions, the parties refer to these instructions both as "Stipulated Jury Instruction No. 6.3." ECF No. 44 at 29–30.

sentence beginning, "A federal officer or employee includes," as the parties agree this should be added. Def.'s Br. at 3; Gov't's Br. at 4. Fourth, the Court will not include the definition of "reasonable apprehension," as requested by the Government, because the Court agrees with Ranney that it is unnecessary. Def.'s Br. at 4; Gov't's Br. at 4. Fifth, the Court will include the sentence, "There is no requirement for the government to prove that the defendant was aware that the victim is a federal officer," if no self-defense instruction on a theory of no knowledge of federal officer is given, as Ranney agrees this is appropriate. Def.'s Br. at 3–4. Finally, the Court will include the sentence beginning, "An officer or employee is engaged," as the parties agree this should be added. *Id.* at 3; Gov't's Br. at 4. Ranney argues that additional language regarding what is "not considered a performance of official duties" should follow that sentence. Def.'s Br. at 3–5. The Court agrees with Ranney that use of unlawful force and retaliating against protected speech are not within the scope of a federal officer's official duties. *Id.* at 4–5; *see United States v. Juv. Female*, 566 F.3d 943, 950 (9th Cir. 2009) (explaining question is whether officer "was within the scope of what he is employed to do when he stopped and arrested" the defendant) (cleaned up); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("An officer who uses excessive force is not acting in good faith."); *Sanderlin v. Dwyer*, 116 F.4th 905, 911 (9th Cir. 2024) ("It is clearly established that police officers may not use their authority to retaliate against individuals for protected speech."). However, the Court thinks that this instruction is only appropriate if it is warranted by the evidence presented at trial. *Cf.* Jury Instructions (ECF No. 148), *United States v. Lopez*, No. 2:25-cr-0705-MEMF, at 15–16 (C.D. Cal. Feb. 6, 2026) (providing this instruction where self-defense instruction based on unlawful force also provided). Therefore, the Court will include Ranney's proposed language, modified to remove "i.e., excessive force," if Ranney establishes a sufficient foundation for this instruction at trial. *Span*, 970 F.2d at 578.

The Court will use the Government's Disputed Jury Instruction No. 4.1 (Aiding and Abetting). Gov't's Br. at 11. Ranney acknowledges "that aiding and abetting is implied as a potential theory of liability in all federal charging documents." Def.'s Br. at 6. Ranney argues that "the facts may not support" this theory of liability. *Id.* But that is true for any theory of

liability. Providing the instruction permits the jury to determine whether the facts establish that Ranney committed the offense in Count Two through aiding and abetting, which is appropriate. Gov't's Br. at 11–12. For this instruction, the Court will include the bracketed portion if "there is an issue as to when the defendant learned of a particular circumstance that constitutes an element of the crime." Cmt., Model Instruction No. 4.1 (citing *Rosemond v. United States*, 572 U.S. 65, 81, n.10 (2014)).

In its statement on disputed jury instructions, the Government argues extensively that "there is no evidence in the record" to support a self-defense instruction, and "any evidence [Ranney] might adduce is invalid as a matter of law." Gov't's Br. at 6–10. The Court understands that the Government does not think that Ranney will meet the threshold for a self-defense instruction at trial; however, as stated in the order on the parties' motions *in limine*, the Court will decide whether an instruction on self-defense is appropriate after the close of evidence. *See* ECF No. 74 at 10; *Span*, 970 F.2d at 578 ("The district court must still decide whether the case presented at trial supports giving an instruction based on a particular theory of defense."). The question here is what instruction the Court should use if one is appropriate. If an instruction on self-defense is warranted, the Court will use Model Instruction 5.10 with the following modifications. First, the Court will not include the sentence beginning, "Force likely to cause death" as the Court agrees with Ranney that it does not apply in this case. Def.'s Br. at 6–7. Second, the Court will either include an instruction based on a theory of no knowledge of federal officer or an instruction based on a theory of unlawful force, as Ranney advances these theories in the alternative. *Id.* at 7–8. If self-defense is based on a theory of no knowledge of federal officer, the Court will include Ranney's proposed language on this theory as it tracks Model Instruction No. 8.3 (Assault on Federal Officer or Employee—Defenses). *Id.* at 7; Gov't's Br. at 6 n.3. If self-defense is based on a theory of unlawful force, the Court will include Ranney's proposed language on this theory with three modifications: (1) because the Government must disprove self-defense (not prove self-defense), in the sentence beginning "In addition," the Court will replace "reasonably believed" with "did not reasonably believe" and "used no more force" with "used more force" in the second sentence, as well as changing "and" to "or"; (2) the Court will remove

the language "i.e., excessive force"; and (3) the Court will add language defining unlawful force consistent with the instruction defining official duties. Def.'s Br. at 7; Gov't's Br. at 6 n.4; *cf.* Jury Instructions (ECF No. 148), *United States v. Lopez*, at 15–16.

Ranney requests the Court include an instruction on the First Amendment because he is "concerned that without being properly instructed on the First Amendment, the jury will be misled into improperly convicting [him] based on his protected speech and conduct." Def.'s Br. at 8–10. Ranney asserts that the Government indicates it will present evidence at trial that Ranney "shouted invectives" at government agents, that Ranney "was wearing a mask," and that the Government will argue that a negative inference should be drawn from such evidence. *Id.* The Government objects to the instruction as "irrelevant, unnecessary, and confusing." Gov't's Br. at 13. The Government contends there is "no risk" that a jury "will convict [Ranney] for activity protected under the First Amendment" because the Court's other instructions, including "the Court's instruction regarding the duties of the jury sufficiently addresses that concern." *Id.* at 14. The Court agrees with Ranney that if the Government argues that Ranney's protected speech and conduct serve as a basis for conviction, the jury should be instructed that such actions are constitutionally protected. Def.'s Br. at 9–10; *see Snyder v. Phelps*, 562 U.S. 443, 458 (2011) ("[Protestors'] speech cannot be restricted simply because it is upsetting or arouses contempt."); *City of Houston, Tex. v. Hill*, 482 U.S. 451, 462–63 (1987) ("The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state."); *Berger v. City of Seattle*, 569 F.3d 1029, 1044 (9th Cir. 2009) (citing *Watchtower Bible & Tract Soc'y of New York, Inc. v. Vill. of Stratton*, 536 U.S. 150, 166–67 (2002)) ("[T]he requirement that potential speakers identify themselves to the government, and the concomitant loss of anonymity, is one of the primary *evils* the Supreme Court cited when it struck down the permitting requirement in *Watchtower Bible.*") (emphasis in original). Therefore, if the Government argues that a negative inference should be drawn from Ranney's protected speech or conduct, the Court will use the First Amendment instruction stated below. *See supra*, Proposed Instruction No. 25.

Finally, the Court will give the adverse jury instruction as ordered in ECF No. 161,

consistent with Model Instruction No. 3.20.

**IT IS SO ORDERED.**

Dated: October 5, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

## 1. DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
Northern District of California

**2. CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The Information is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

United States District Court
Northern District of California

**3. DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

[*The Court will use this instruction if applicable*.]

United States District Court
Northern District of California

**3. DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

[*The Court will use this instruction if applicable*.]

United States District Court
Northern District of California

## 4. REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

United States District Court
Northern District of California

**5. WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties have agreed.

## 6. STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established. Specifically, those facts are:

1. The building at 630 Sansome Street in San Francisco, California, and its components, including the sally port located on the Jackson Street side of the building, is property of the United States, or of any department or agency thereof.
2. San Francisco, California, is within the Northern District of California.
3. On March 25, 2026, Federal Protective Service Area Commander Ryan Johnson informed Federal Protective Service Inspector Stephen Glumaz via email that he (Inspector Glumaz) had been decertified as a PepperBall and FN303 Operator, effective immediately, and that the decertification was in connection with the use of force incidents on August 8, 2025 and August 20, 2025 that Inspector Glumaz was involved in. Inspector Glumaz responded and confirmed receipt of that email on March 25, 2026.

United States District Court
Northern District of California

United States District Court
Northern District of California

**7. WHAT IS NOT EVIDENCE**

---

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [*The Court will include the following sentence if applicable*: In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

## 8. CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

[*The Court will use this instruction if applicable*.]

United States District Court
Northern District of California

## 9. DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

## 10. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much

weight you think their testimony deserves.

United States District Court
Northern District of California

**11. IMPEACHMENT EVIDENCE—WITNESS**

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

[*The Court will use this instruction if applicable*.]

## 12. ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Information. The defendant is not on trial for any conduct or offense not charged in the Information.

United States District Court
Northern District of California

United States District Court
Northern District of California

## 13. SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

United States District Court
Northern District of California

## 14. ON OR ABOUT—DEFINED

The Information charges that the offenses alleged in Counts One and Two were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One and Two of the Information, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**15. DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

United States District Court
Northern District of California

## 16. CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

## 17. USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

United States District Court
Northern District of California

**18. JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for these crimes is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

United States District Court
Northern District of California

## 19. VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

United States District Court
Northern District of California

## 20. COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

United States District Court
Northern District of California

**21. ASSAULT ON FEDERAL OFFICER OR EMPLOYEE (18 U.S.C. § 111(a))**

The defendant is charged in Count One of the Information with assault on a federal officer in violation of Section 111(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Joe Love; and

Second, the defendant did so while Joe Love was engaged in, or on account of, his official duties.

[*The Court will include the following sentence if a self-defense instruction is given*: Third, the defendant did not act in reasonable self-defense.]

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A federal officer or employee includes any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services).

[*The Court will include the following sentence if no self-defense instruction based on a theory of no knowledge of federal officer or employee is given*: There is no requirement for the government to prove that the defendant was aware that the victim is a federal officer.]

An officer or employee is engaged in his official duties when he is acting within the scope of his employment, that is, the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own. [*The Court will include the following sentence if applicable*: It is not considered a performance of official duties if (1) under the surrounding circumstances, an officer uses an amount or type of force that is more than reasonably necessary to effectuate a seizure, arrest, detention, or other lawful action; or (2) the officer was acting with the intent to retaliate against an individual's protected speech, to punish, or to cause harm.]

**22. SELF-DEFENSE**

---

The defendant has offered evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances.

The government must prove beyond a reasonable doubt, with all of you agreeing, that the defendant did not act in reasonable self-defense.

[*The Court will include the following if a self-defense instruction based on a theory of no knowledge of federal officer or employee is applicable*: It is a defense to the charge if (1) the defendant did not know that Joe Love was a federal officer or employee, (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (3) the defendant used no more force than appeared reasonably necessary in the circumstances.

In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt either (1) that the defendant knew that Joe Love was a federal officer or employee or (2) that the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force or (3) that the defendant used more force than appeared reasonably necessary in the circumstances.]

[*The Court will include the following if a self-defense instruction based on a theory of unlawful force is applicable*: Even if the defendant knew that Joe Love was a federal officer or employee, it is a defense to the charge if (1) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (2) the defendant used no more force than appeared reasonably necessary in the circumstances.

In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt that (1) the defendant did not reasonably believe that use of force was necessary to defend oneself against an immediate use of unlawful force, or (2) the defendant used more force than appeared reasonably necessary in the

circumstances.

Force is unlawful if (1) under the surrounding circumstances, an officer uses an amount or type of force that is more than reasonably necessary to effectuate a seizure, arrest, detention, or other lawful action; or (2) the officer was acting with the intent to retaliate against an individual's protected speech, to punish, or to cause harm.]

[*The Court will use this instruction if applicable, adjusted for the applicable theory of self-defense*.]

**23. DESTRUCTION OF GOVERNMENT PROPERTY**

The defendant is charged in Count Two of the Information with destruction of government property in violation of Section 1361 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant damaged property;

Second, the defendant did so willfully; and

Third, the property involved was property of the United States, or of any department or agency thereof.

A defendant acts willfully if he intentionally and purposely damages property that belongs to another with the knowledge that his act is unlawful. The defendant need not be aware of the specific law or rule he is violating.

United States District Court
Northern District of California

**24. AIDING AND ABETTING (18 U.S.C. § 2(a))**

A defendant may be found guilty of Destruction of Government Property, in violation of 18 U.S.C. § 1361, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Destruction of Government Property by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed Destruction of Government Property;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Destruction of Government Property;

Third, the defendant acted with the intent to facilitate Destruction of Government Property; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Destruction of Government Property.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime [*The Court will include the following language if applicable*: and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.]

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**25. FIRST AMENDMENT**

The First Amendment to the United States Constitution guarantees the right to free speech, which encompasses the right to protest. To the extent the defendant's actions are protected by the First Amendment, you cannot convict the defendant on the basis of such protected actions.

The First Amendment protects speech, and the right to protest, even if that speech constitutes offensive criticism of public officials, including law enforcement officers, and even if that protest includes such criticisms. Such speech and such protest are protected even if that speech or protest behavior is insulting, offensive, or upsetting. The First Amendment also protects the right to remain anonymous while engaged in protected activities.

[*The Court will use this instruction if applicable*.]

United States District Court
Northern District of California

**26. UNTIMELY DISCLOSURE OF EXCULPATORY OR IMPEACHMENT EVIDENCE**

Under the United States Constitution, in order for the defendant to receive a fair trial, the Government must inform the Defense of any information known to the Government that tends to suggest the defendant might not have committed the crimes or crime charged and any information that casts doubt on the credibility of the Government's own evidence. In this case, the Government violated those important Constitutional principles upon which the fair administration of our system of justice depends on multiple occasions. In evaluating the merits of this case, you can decide what weight, if any, to give to the Government's violations of these Constitutional principles. The Government's actions standing alone or in combination with other facts presented in this case, may create a reasonable doubt in your mind about the defendant's guilt.